**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: April L. Jordan<br>　　　　　　Debtor(s) | CHAPTER 13 |
| Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2<br>　　　　　　Movant<br>　vs.<br>April L. Jordan<br>　　　　　　Debtor(s)<br>Atiba A. Jordan<br>　　　　　　Co-Debtor<br>Scott F. Waterman<br>　　　　　　Trustee | NO. 22-11647 PMM<br><br>11 U.S.C. Sections 362 and 1301 |

## ORDER

AND NOW, this 16th day of August, 2022, upon consideration of the Motion Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 for *In Rem* Relief from the Automatic Stay pursuant to 11 U.S.C. §§ 362(d)(4), and any response thereto, it is hereby:

ORDERED that Movant is hereby granted *in rem* Relief from the Automatic Stay and further that the Automatic Stay of all proceedings, as provided under Sections 362 and of the Bankruptcy Reform Act of 1978 (The Code) 11 U.S.C. Sections 362 and the Co-Debtor Stay under Section 1301 of the Bankruptcy Code, are modified with respect to premises 3576 Vista Drive, Macungie, PA 18062 to allow Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 , its successors and/or assigns to proceed in regards to 3576 Vista Drive, Macungie, PA 18062. It is further:

ORDERED that no future bankruptcy case filed by Debtor, their successors, assigns or any occupants, and/or Co-Debtor or any Occupants will stay any actions taken by Movant, its successors, assigns or any other legal purchaser at Sheriff's Sale from proceeding with any legal or consensual actions necessary for enforcement of its right to possession of, or title to, said premises. It is further:

ORDERED that Rule 4001(a)(3) is not applicable, and, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 its successors and/or assigns, may immediately enforce and implement this Order granting in rem relief from the automatic stay. It is further:

ORDERED that upon execution and entry of this Order, the requirements specified in both: (1) Fed. R. Bankr. P. 3002.1(b) regarding Notice of Mortgage Payment Changes and (2) Fed. R. Bankr. P. 3002.1(c) regarding Notice of Post-petition Mortgage Fees, Expenses and Charges are hereby waived, or made inapplicable, during the pendency of the within bankruptcy case. It is further:

ORDERED that the Relief granted by this order shall survive conversion of this bankruptcy case to a case under any other Chapter of the bankruptcy code.

*Patricia M. Mayer*

**Date: August 16, 2022**

United States Bankruptcy Judge.

.